# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT MARTINSBURG

POLO GREENE LIMITED
PARTNERSHIP, et al.,

      Plaintiffs,

v.                                                 Civil Action No. 3:04CV118
                                                  (BROADWATER)

WENTWOOD CAPITAL
ADVISORS, L.P., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

### I. Introduction

Plaintiffs Polo Greene Limited Partnership ("Polo Greene"), Jodor & Associates Limited Liability Company ("Jodor"), and Woda Management & Real Estate, L.L.C. ("Woda") (collectively "Plaintiffs"), filed this action in the Circuit Court of Berkeley County on November 10, 2004, against Wentwood Capital Advisors, L.P. ("Wentwood"), Keycorp Investment Limited Partnership III ("Keycorp"), Key Affordable Housing Corp. ("Key Affordable"), and Cox Broadcasting, Inc. ("Cox"), (collectively "Defendants"), for a declaratory judgment under the terms of the contract, detrimental reliance against Wentwood, and a breach of the implied covenant of good faith and fair dealing against Keycorp, Key Affordable, and Cox. Pending before the Court is Plaintiffs' motion to remand. For the reasons set forth below, the motion to remand is **GRANTED**.

### II. Factual and Procedural Background

In September, 1996, Jodor, as the general partner, and Woda, as the limited partner, formed the Polo Greene Limited Partnership Agreement which created the Polo Greene Limited Partnership.

Polo Greene developed, owns, and operates a sixty-four (64) unit apartment complex located in Berkeley County, West Virginia. In July, 1997, the agreement was amended ("the amended agreement") and Keycorp replaced Woda as the limited partner of Polo Greene. When the agreement was amended in 1997, Key Affordable was the general partner of Keycorp. The complaint alleges that Wentwood has replaced Key Affordable as the general partner of Keycorp. As of the time of the complaint Polo Greene was comprised of Jodor as the general partner, Wentwood as the limited partner, and Key Affordable was responsible for collecting information and, as required under the contract, preparing reports for Polo Greene.

The complaint alleges that when Wentwood replaced Key Affordable as the general partner of Keycorp, it never notified Jodor or Woda of that replacement as was required by the amended agreement. Wentwood also did not notify Jodor or Woda that Key Affordable had been designated to collect the information and generate reports on behalf of Keycorp for submission to Polo Greene. On or about June 3, 2004, Polo Greene received a letter for Keycorp notifying it that Wentwood was the new general partner of Keycorp. This is the first time that Plaintiffs had any inclination about Wentwood's new role in Polo Greene. The complaint alleges that the notice of June 3, 2004, does not meet the notice requirements under the amended agreement.

The amended agreement also provides that general partner, Jodor with the help of Woda, must provide certain reports to the limited partner, Keycorp. Should the general partner not provide the reports, the amended agreement allows for the assessment of monetary penalties. While Jodor and Keycorp were partners in Polo Greene, Jodor was never assessed a penalty for not providing the reports, and Jodor claims that it provided all the reports that were required under the amended agreement.

Once Wentwood replaced Keycorp as the limited partner, Jodor attempted to ascertain from Wentwood how frequently it wanted the reports, and in what format. Wentwood allegedly told Jodor not to worry about the reports, everything was fine, and should reports be necessary, Wentwood would notify Jodor as to what information was required to be submitted. Notwithstanding this response from Wentwood, Jodor continued to provide the reports required under the amended agreement in the same format as they were submitted to Keycorp. Recently, as authorized under the amended agreement, Wentwood assessed penalties in excess of $47,000 against Jodor for not providing the required reports.

Polo Greene, Jodor, and Woda filed the instant suit seeking a declaration of the rights of all the parties under the contract. The suit also alleges detrimental reliance on the part of Plaintiffs against Wentwood and a breach of the implied covenant of good faith and fair dealing against Keycorp, Key Affordable, and Cox. Defendants removed the action to this court on December 10, 2004. On January 5, 2005, Plaintiffs filed a motion to remand. On January 21, 2005, Defendants filed a response to the motion to remand to which Plaintiffs replied on February 3, 2005. The Court has considered the pleadings and the applicable law on point; thus, the motion is ripe for decision.

### III. Applicable Law

A party may remove any matter over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, our Court of Appeals has stated that removal statutes must be construed strictly against removal. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This strict construction against removal is required because removal jurisdiction raises significant federalism concerns. The party seeking removal to federal court and opposing remand has the burden of establishing federal jurisdiction. Id. (citing Wilson v. Republic Iron and Steel Co.,

257 U.S. 92 (1921)). If federal jurisdiction is doubtful, remand is necessary. Mulcahey, 29 F.3d at 151 (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)).

In order for a federal court to have diversity jurisdiction over a civil action, the case must be "between citizens of different states." 28 U.S.C. § 1332(a). Under the complete diversity rule, no party may share common citizenship with any opposing party. Jackson v. Allstate Ins. Co., 132 F.2d 432 (N.D. W. Va. 2000). If a federal court finds that a non-diverse party has been fraudulently joined, it may exercise jurisdiction even though an otherwise non-diverse party is a defendant. "The removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)). Moreover, "[t]he party alleging the fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6)." Id. The exercise of removal jurisdiction is inappropriate where there is at least some possibility that the plaintiff will recover against an allegedly fraudulently joined party. Williams v. Monarch Rubber Company, 70 F. Supp 2d 663 (S.D. W. Va. 1999).

The Fourth Circuit has further cautioned against district courts placing the burden on the plaintiff to show that the claims may succeed rather than requiring the defendant to negate all possibility of recovery. Hartley, 187 F.3d at 425. When considering whether a plaintiff has fraudulently joined defendants to an action for the purpose of destroying diversity, a court should

"resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id.; see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996)(stating that "[i]n reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff . . . If there is any possibility that the Plaintiff has stated a cause of action against any non-diverse Defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded."). In sum, "there need be only a slight possibility of a right to relief" and "[o]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426.

## IV. Discussion

The issue presented is whether the jurisdictional amount in controversy has been met and whether there is any possibility of recovery by Woda against any of the Defendants. Defendants argue that this Court has original jurisdiction of this case because the amount in controversy exceeds $75,000, exclusive of costs and interest. Defendants further argue that Woda was fraudulently joined as a party plaintiff in an effort to destroy complete diversity. Specifically, Woda is an Ohio limited liability company, Keycorp is an Ohio limited partnership, and Key Affordable is an Ohio corporation. Defendants assert, moreover, that Woda does not have a cause of action against, nor can recover any damages from, any of the defendants. Thus, without the fraudulent joinder of Woda complete diversity of citizenship of the parties would exist and federal court jurisdiction would be proper.

As stated above, "[t]he removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be

able to establish a cause of action against the in-state defendant in state court.'" Hartley, 187 F.3d at 424 (citation omitted). However, the Court need not reach the issue of fraudulent joinder because the amount in controversy does not meet the jurisdictional requirement. In order for this Court to have original jurisdiction, the amount in controversy must exceed $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). The amount in controversy is determined from the allegations or prayer of the complaint. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). The jurisdictional inquiry takes place as of the time of the commencement of the action. Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).

In this case, the only amount stated in the complaint that is alleged to be in controversy is the penalty assessed by Wentwood against Jodor: $47,000. Obviously, this amount is less than $75,000. Moreover, there is no amount demanded in the prayer for relief. At the time the action was commenced, Plaintiffs alleged in the complaint that the amount in dispute was $47,000. The Court, therefore, concludes that the jurisdictional amount in controversy has not been met and this Court lacks jurisdiction over this case[1]. Consequently this action must be remanded to the Circuit Court of Berkeley County.

V. Decision

It is therefore **ORDERED** that:

1. Plaintiffs' motion to remand (**Docket number 16**) be, and is hereby, **GRANTED**;

---

[1] The Court notes that attached to Plaintiffs' motion to remand is a binding stipulation where Plaintiffs explicitly limit their recovery to less than $75,000 should this case be remanded to the state forum. It is this Court's practice to remand cases where plaintiffs submit this type of binding stipulation.

2. The remaining pending motions (**Docket numbers 7, 9, 13, and 42**) be, and are hereby **DENIED AS MOOT**;

3. The Clerk of Court be **DIRECTED** to **REMAND** this action to the Circuit Court of Berkeley County, West Virginia; and

4. This action be **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED** this **8th** day of September, 2005.

*W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE